IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TOLDS, | No. C 11-4633 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| GARY SWARTHOUT, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He has applied for leave to proceed in forma pauperis.

## STATEMENT

In 2008, petitioner was convicted in San Francisco County Superior Court of murder and sentenced to a term of 30-years-to-life in state prison. The California Court of Appeal affirmed the conviction and sentence, and the California Supreme Court denied a petition for review. Thereafter, petitioner filed the instant federal habeas petition.

## ANALYSIS

**A.   STANDARD OF REVIEW**

A federal court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading

requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.    LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner claims: (1) the trial court refused to instruct the jury on the defenses of self-defense, imperfect self-defense, and heat of passion; (2) the prosecutor committed misconduct by eliciting evidence that had been ruled inadmissible by the trial court in limine; (3) the trial court abused its discretion in allowing the prosecutor to elicit such testimony and in denying the defense motion for a mistrial and a new trial based on the prosecutor's misconduct; and (4) there was insufficient evidence to prove that petitioner suffered a prior conviction for purposes of a sentence enhancement.

Petitioner's third claim is not independently cognizable. A trial court's "abuse of discretion" is relevant to a state appellate court's decision on direct review, but does not address whether there was a violation of a federal constitutional right or other federal law, the only basis upon which federal relief may be granted. *See* 28 U.S.C. 2254. The underlying issue of claim three, whether the prosecutor committed misconduct, is also raised in claim two and need not be raised in a separate claim. Consequently, petitioner's third claim will be dismissed.

Petitioner's first, second and fourth, when liberally construed, are cognizable.

## CONCLUSION

1. Claim three, as described above, is **DISMISSED**.

2. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2

3. Respondent shall file with the court and serve on petitioner, within ninety days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of the date the answer is filed.

4. Respondent may file, within ninety days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fifteen days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

6. Leave to proceed in forma pauperis (docket number 2) is **GRANTED** in light of petitioner's lack of funds.

7. The motion for appointment of counsel (docket number 3) is **DENIED** at this time as no evidentiary hearing is necessary and petitioner is thus far able to present his claims.

**IT IS SO ORDERED.**

Dated: October   30  , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\TOLDS4633.OSC.wpd