IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TOLDS,<br><br>    Petitioner,<br><br>  v.<br><br>GARY SWARTHOUT,<br><br>    Respondent. | No. C 11-4633 WHA (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS MIXED PETITION; DIRECTING PETITIONER TO ELECT COURSE OF ACTION WITHIN THIRTY DAYS**<br><br>(Docket No. 9) |

## INTRODUCTION

This is a habeas case filed pro se by a state prisoner. One of the four claims in the petition was dismissed for failing to state a cognizable basis for habeas relief. Respondent was ordered to show cause why the petition should not be granted based on the remaining three claims. Respondent filed a motion to dismiss the petition because one of the three claims is not exhausted. Petitioner has not opposed the motion. For the reasons set out below, the motion is **GRANTED**.

## ANALYSIS

Petitioner's remaining three claims assert that: (1) the trial court refused to instruct the jury on the defenses of self-defense, imperfect self-defense, and heat of passion; (2) the prosecutor committed misconduct by eliciting evidence that had been ruled inadmissible by the trial court in limine; and (3) there was insufficient evidence to prove that petitioner suffered a prior conviction for purposes of a sentence enhancement. Respondent contends that the second

claim is not exhausted.

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

The United States Supreme Court held in *Rose v. Lundy*, 455 U.S. 509 (1982), that federal courts must dismiss a habeas petition which contains one or more unexhausted claims. *Id.* at 522 (1982). If the petition combines exhausted and unexhausted claims, *Rose v. Lundy* requires dismissal of the entire habeas petition without reaching the merits of any of its claims. *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). However, the rule is not as absolute as might first appear. *Rose* itself provides that the dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the court can then consider those which remain. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). There is another exception: rather than dismiss, the court may stay a mixed petition to allow the petitioner to return to state court to exhaust the unexhausted issue or issues, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

After petitioner was convicted and sentenced in the trial court, he appealed to the California Court of Appeal and then to the California Supreme Court. He did not include his second claim, regarding prosecutorial misconduct, in his appeal to the California Supreme Court (Mot. Ex. 2). Petitioner did not file a petition for a writ of habeas corpus or otherwise appear again in the California Supreme Court. As petitioner's second claim issue was not fairly presented to the California Supreme Court, the claim is not exhausted. As the petition is mixed, respondent's motion to dismiss must be granted.

## CONCLUSION

1. Respondent's motion to dismiss (document number 8) is **GRANTED**.

2. Petitioner may chose from three possible courses of action: (1) he may dismiss this

2

petition with an eye to exhausting and then filing another federal petition;[1] (2) he may amend the petition to dismiss the unexhausted issue, and proceed with the two issues that are exhausted;[2] or (3) he may ask for a stay of this case while he returns to state court to attempt to exhaust the second claim, and then, if unsuccessful in state court, return here and ask that the stay be lifted. If he chooses the third option of seeking a stay, he is cautioned that a stay can only be granted if he shows "good cause" for his failure to exhaust the claim sooner, that the issue is "potentially meritorious," and that he has not engaged in "dilatory litigation tactics." *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

3. <u>Petitioner must elect one of the three choices set out in section three within **thirty days** of the date this order is entered. If he does not, this case will be dismissed without prejudice.</u>

**IT IS SO ORDERED.**

Dated: May   9  , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\TOLDS4633.MTDMIX.wpd

---

[1] This option is more apparent than real, because any subsequent federal petition would almost certainly be barred by the statute of limitations.

[2] If he chooses this option he probably will not be able to file a future federal petition containing the plea bargain issue, because second federal petitions are generally barred by 28 U.S.C. § 2244(b)(2).

United States District Court
For the Northern District of California