IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TOLDS, | No. C 11-4633 WHA (PR) |
| Petitioner, | **ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ADMINISTRATIVELY CLOSING CASE; VACATING ORDER OF JUNE 14, 2012** |
| v. | |
| GARY SWARTHOUT, | |
| Respondent. | |

This is a habeas case filed pro se by a state prisoner. Respondent's motion to dismiss the complaint because one of the three remaining claims is unexhausted. Petitioner was given three choices: (1) to dismiss this petition with an eye to exhausting and then filing another federal petition; (2) to amend the petition to dismiss the unexhausted issue, and proceed with the two issues that are exhausted; or (3) to ask for a stay of this case while he returns to state court to attempt to exhaust the second claim, and then, if unsuccessful in state court, return here and ask that the stay be lifted. On May 22, 2012, Petitioner indicated that he wanted to pursue the second choice, and accordingly, on June 14, 2012, his unexhausted claim was dismissed and respondent was ordered to address the remaining two claim on their merits. Petitioner has now indicated that he wants to pursue the third option of staying this case while he returns to state court to exhaust his unexhausted second claim of prosecutorial misconduct.

The United States Supreme Court has held that district courts have authority to stay mixed petitions to allow exhaustion. *Rhines v. Webber*, 125 S.Ct. 1528, 1535 (2005). Such

1 stays can, however, only be granted upon a showing of good cause for petitioner's failure to
2 exhaust the issues before filing the federal petition, and a showing that the issues which the
3 petitioner proposes to exhaust are "potentially meritorious." *Id.*

4 As to good cause, Petitioner explains that he was not given the petition for review to the
5 California Supreme Court by his appellate lawyer and as a result he did not know that his
6 second claim (of prosecutorial misconduct) was not included. This is sufficient to show cause
7 for the stay. The claim of prosecutorial misconduct has previously been determined to state a
8 cognizable claim for federal habeas relief and thus it is potentially meritorious.

9 Consequently, the order dated June 14, 2012, dismissing his unexhausted claim and to
10 show cause is **VACATED**. The motion for a stay (document number 12 on the docket) is
11 **GRANTED**. This case is **STAYED** to allow petitioner to present his unexhausted issues in state
12 court, presumably by way of state petitions for habeas corpus. If petitioner is not granted relief
13 in state court, he may return to federal court and ask that the stay be lifted.

14 The stay is subject to the following conditions:

15 (1) Petitioner must institute state court habeas proceedings within thirty days of this
16 order; and

17 (2) Petitioner must notify this court within thirty days after the state courts have
18 completed their review of his claims or after they have refused review of his claims.

19 If either condition of the stay is not satisfied, this Court may vacate the stay and act on
20 this petition. *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness concerns of
21 AEDPA by placing "reasonable limits on a petitioner's trip to state court and back.").

22 The clerk shall administratively close this case. The closure has no legal effect; it is
23 purely a statistical matter. The case will be reopened and the stay vacated upon notification by
24 petitioner in accordance with condition number (2) above.

25 **IT IS SO ORDERED.**

26 Dated: June __18__, 2012.

27 WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE
28

G:\PRO-SE\WHA\HC.11\TOLDS4633.STY.wpd

2